————o————

No. 4637.

(Court of Appeal, Parish of Orleans.)

## SUCCESSION OF FREDERICK KRASS AND WIFE.

1. "The action of the minor against his tutor respecting the acts of tutorship, is prescribed by four years to begin from the date of his majority." C. C. 362.

2. The action of the minor against his tutor respecting the acts of the tutorship, is prescribed by the lapse of four years to date from his majority, and the tacit mortgage given by law against the property of the tutor is extinguished by the same length of time. If there exist no more action by the pupil against his tutor to render an account and to compel him to pay whatever he may have received, the debt is exting-

nished and the *tacit mortgage* gone, he has no mortgage upon tutor's property as provided by law.

Allot vs. Aubert, 20 A. 509.

Appeal from Civil District Court, Division "B."

J. J. Barnett.

Jos. Lautenschlaeger, Attorney for Appellant.

ESTOPINAL, J. This is an action to cancel a minor's mortgage on the ground of prescription, and because the minors have been settled with.

Every allegation of fact made in the petition is proven and the application of the law to these facts is all that remains for this Court to determine.

The petition shows that the petitioner, Mrs. Catherine Ganzhon, is the widow by first marriage of Jacob Vogele, and the widow by second marriage of Peter Krass, and that in the succession of Frederick Krass, she was confirmed as the Natural Tutrix of the minors Peter and Henry Krass, issue of her second marriage; that there is recorded in the Mortgage Office the inscription of the said minor's mortgage; that in the partition of the estate of Frederick Krass, the grand-parent of the said minors, the latter received one piece of property valued at three hundred and fifty dollars ($350.00); that Henry Krass died in this city, unmarried and childless, and his succession was opened and administered by his brother, Peter Krass; that the only asset of said succession was his one-half interest in the property acquired in the succession of Frederick Krass and wife.

The petitioner shows further that she added two rooms to the property of her minor children, which exceeded the cash received by her for their account in the partition proceedings above referred to.

The petition shows further that Peter Krass died in this city on November 25, 1901, aged 26 years, having been born October 11, 1875; that his succession had not been opened; that he married Julia Villio, who is now the wife by second marriage of Paul Solis; that of his said marriage with Julia Villio, there

—40—

were two children born, named Carrie and Cora Krass, both minors.

The petitioner represents that she desires to sell a certain piece of property owned by her, and that the above minors' mortgage is a cloud upon her title, and asks for the cancellation of said mortgage on the ground of prescription. A curator ad hoc was appointed to represent the minors, Carrie and Cort Krass, and the rule to show cause why the minor's mortgage should not be cancelled, was tried contradictorily with said curator, who, for answer to said rule, plead the general issue and for strict proof of the allegations thereof.

Upon the hearing below the rule was dismissed, and from this judgment the plaintiff therein prosecutes this appeal.

As we have said in the statement made above, the fact is established that Peter Krass, the second of the children, issue of Mrs. Ganzhon's marriage with Peter Krass, at the time of his death, on November 25, 1901, was over 26 years old, therefore more than four years had elapsed since his majority.

We are of the opinion, therefore, that the status of the minor's mortgage resting on his mother's property (Tutrix), must be considered in its relation to Peter Krass, and finding as we do that his right of action against the tutor had prescribed before his death, said right, did not descend to his children.

"The action of the minor against his tutor respecting the acts of tutorship, is prescribed by four years to begin from the date of his majority." C. C. 362.

"The action of the minor against his tutor, respecting the acts of the tutorship, is prescribed by the lapse of four years to date from his majority, and the tacit mortgage given by law against the property of the tutor is extinguished by the same length of time. If there exist no more action by the pupil against his tutor to render an account and compel him to pay whatever he may have received, the debt is extinguished and the tacit mortgage gone, and he has no mortgage upon tutor's property as provided by law."

Allot vs. Aubert, 20 A. 509.

"Judgments obtained against the tutor during the minority of his ward for moneys received are not monied judgments which can be prescribed by ten years."

"They are prima facie proof of indebtedness in any settlement between the tutor and minor after emancipation or majority."

"If not thus used within the four years which follow emancipation or majority, they cease to produce any effect, they cannot serve as a foundation for an hypothecary action, and their inscription of them in the *Mortgage Office must be erased.*"

37 A. 221; 45 A. 1462; 37 A. 805, and 51 A. 1157.

Article 3284 of the Civil Code recites that "The mortgage is accessory to a principal obligation which it is designed to strengthen, and of which it is to secure the execution."

Article 3285 of the Civil Code recites: "Consequently, it is essentially necessary to the existence of a mortgage, that there shall be a principal debt to serve as a foundation for it."

"Hence it happens, that in all cases where the principal debt is extinguished, the mortgage disappears with it."

It is clear to us under the facts of this case and the law applicable, to which we have referred above, that the right of Peter Krass against his mother for an accounting was prescribed by four years from his majority, and that the debt should be extinguished and the mortgage cancelled.

It is therefore ordered, adjudged and decreed that the judgment appealed from be reversed and set aside, and it is now ordered, adjudged and decreed that there be judgment in favor of Mrs. Catherine Ganzhon, decreeing that the mortgage given by her in favor of Henry and Peter Krass, recorded in Book 307, Folio 448, in the Office of the Recorder or Mortgages for the Parish of Orleans, be erased and cancelled, plaintiff to pay costs.